UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                            )
JOHN C. GIOVANETTI,          )
                            )
        Plaintiff,       )
                            )
        v.               )      Civil Action No. 13-1807 (RBW)
                            )
FEDERAL BUREAU OF       )
INVESTIGATION *et al.*,     )
                            )
        Defendants.    )
_____ )

**MEMORANDUM OPINION**

The plaintiff, a federal prisoner proceeding *pro se*, challenges the responses of the Federal Bureau of Investigation ("FBI") and the Executive Office for United States Attorneys ("EOUSA") to his requests for his records under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552 (2012). What remains of this case concerns only FBI records. *See* Mar. 26, 2015 Mem. Op. and Order ("Mar. 26, 2015 Opinion") at 5-6 (finding "that EOUSA has satisfied its disclosure obligations under the FOIA and is entitled to judgment as a matter of law"). The FBI's declarant stated that the FBI had processed 699 pages of records and had released to the plaintiff all but 237 of those pages completely or partially. *Id*. at 3. The declarant further stated that the plaintiff was provided the "Bates-stamped, processed and coded pages," but those pages were not placed in the record. *Id*. at 6. Thus, the defendants were ordered "to supplement the record with the pages and/or a declaration that describes the contents of the withheld documents in reasonable detail to permit a proper examination." *Id*. at 7 (citations omitted).

Currently pending before the Court is the defendants' Renewed Motion for Summary Judgment on Plaintiff's Complaint ("Defs.' Renewed Mot."), supported by the Third Declaration

of David M. Hardy ("Third Hardy Decl.") and an index pursuant to *Vaughn v. Rosen*, 523 F.2d

1136, 1144 (D.C. Cir. 1975) ("*Vaughn* Index"), ECF No. 27. Hardy incorporates by reference

his prior declarations. *See* Third Hardy Decl. ¶ 4. For the reasons explained below, the Court

will grant the defendants' renewed motion for summary judgment, and enter judgment in their

favor accordingly.

## SUPPLEMENTAL BACKGROUND

In response to the Mar. 26, 2015 Opinion, the FBI reevaluated the documents that were

withheld completely, determined that additional information could be released to the plaintiff,

and, by letter dated May 26, 2015, released 79 additional redacted pages to the plaintiff. *Id.* ¶ 11.

The FBI has now released a total of 541 pages, 237 of which contain redactions, and it has

withheld 158 pages in full. *Id.* ¶ 10. The FBI has withheld information under FOIA exemptions

3, 5, 6, 7(C), 7(D), and 7(E), codified in 5 U.S.C. § 552(b). Declaration of David M. Hardy

("Second Hardy Decl.") ¶ 53, ECF No. 13-4.

## DISCUSSION

In his opposition to the motion now before the Court, the plaintiff has highlighted in his

copy of the *Vaughn* Index which exemptions of documents claimed by the defendant he

concedes and which ones he disputes as unsupportive of "a claim that the document is properly

withheld in full."[1] Memorandum in Support of Plaintiff's Opposition to Renewed Motion for

Summary Judgment of Plaintiff's Complaint ("Pl.'s Opp'n Mem.") ¶¶ 11-12 and *Vaughn* Index,

ECF No. 34. In addition, the plaintiff questions the FBI's "[t]rustworthiness" in light of its

discovery (and release) of hundreds of responsive pages in 2014 after its initial release of 18

pages in 2009. Pl.'s Opp'n Mem. ¶ 6.

---

[1]    The fact that the plaintiff is able to make such an assessment, *see* Pl.'s Opp'n Mem. ¶ 12,
tends to undermine his argument that the "Vaughn Index Remains Inadequate." *Id.* ¶ 8.

**1. The Plaintiff's Challenge to the Agency's Trustworthiness**

The plaintiff contends that "after turning over [the] 18 pages [in 2009], the FBI represented that it had no other [documents] responsive to Plaintiff's FOIA request," and he notes "a sense of irony that now, at last, [the FBI represents that it] has no other [responsive] documents."  Pl.'s Opp'n Mem. ¶ 6.  But the plaintiff has not pointed to anything in the record supporting the suggested misrepresentation, and his "skepticism," *id.* ¶ 7, is based on a mistaken premise.  The plaintiff either ignores or overlooks the fact that the FBI's 2009 release of 18 pages was in response solely to a referral of those records from EOUSA.  *See* First Declaration of David M. Hardy ("First Hardy Decl.") ¶ 9 and Exhibit D (Oct. 20, 2009 Letter), ECF No. 13-3.  In response to the plaintiff's direct request, the FBI "located one main file" pertaining to the plaintiff.  First Hardy Decl. ¶ 16.  It "initially withheld all responsive records under FOIA exemption 7(A) due to a pending investigation . . . .  In response to this litigation, the FBI processed the request again and determined that the investigation was no longer pending."  Mar. 26, 2015 Op. at 3 (citations omitted).  The FBI made its first release to the plaintiff on March 27, 2014, and it "released additional information contained in the released pages" on June 6, 2014. *Id.*

The plaintiff has not created a genuine factual dispute concerning the reasonableness of the FBI's search, nor has he produced any evidence of agency bad faith.  And "however fitful or delayed the release of information under the FOIA may be, once all requested records are surrendered, federal courts have no further statutory function to perform."  *Perry v. Block*, 684 F.2d 121, 125 (D.C. Cir. 1982); *accord Boyd v. Criminal Div. of U.S. Dep't of Justice*, 475 F.3d 381, 388 (D.C. Cir. 2007); *see, e.g., Murphy v. Executive Office for U.S. Attorneys*, 789 F.3d 204, 212 n.5 (D.C. Cir. 2015) (noting that  "Murphy's inadequate-search challenge fails because

the adequacy of the search becomes a moot point if the requested information is in fact found but

not disclosed") (citation omitted)); *Whitmore v. U.S. Dep't of Justice*, ___ F. Supp. 3d ___, ___,

2015 WL 5675579, at *3 (D.D.C. Sept. 25, 2015) ("As long as the agency conducts a reasonable

search, it fulfills its obligations under the FOIA even if the search yields no responsive records.")

(citation omitted)).  Therefore, the plaintiff's trustworthiness argument does not preclude the

Court from awarding the FBI summary judgment.

**2.  The FBI's Asserted Exemptions**

As reflected in the plaintiff's copy of the *Vaughn* Index, he has conceded the defendants'

justifications for withholding information under FOIA exemptions 3, 7(D) and 7(E), *see also*

Pl.'s Opp'n Mem. ¶ 11, and the Court finds from its own examination of the defendants'

evidence that those withholdings are properly justified, *see* Second Hardy Decl. ¶¶ 16-20

(applying Exemption 3 to information obtained from the Financial Crimes Enforcement Network

("FinCEN") under the Bank Secrecy Act ("BSA"), 31 U.S.C. § 5319, which specifically exempts

from the FOIA FinCEN "report[s] and records of reports"); *id.* ¶¶ 41-44 (applying Exemption

7(D) to confidential information provided by a local law enforcement agency during the financial

fraud investigation of the plaintiff and others); *id.* ¶¶ 45-48 (applying Exemption 7(E) to

specifically identified investigative techniques and procedures), *cf. Petrucelli v. Dep't of Justice*,

51 F. Supp. 3d 142, 168-171, 173 (D.D.C. 2014) (discussing exemptions 7(D) and 7(E));

*Rosenberg v. United States Dep't of Immigration & Customs Enf't*, 13 F. Supp. 3d 92, 115

(D.D.C. 2014) (approving Exemption 3 withholding in accordance with the BSA).

The common thread of most of the withholdings disputed by the plaintiff is that they

concern third-party individuals (law enforcement personnel, government employees, persons of

investigative interest, and informants) that were withheld under the FOIA's personal privacy

exemptions provided for in 5 U.S.C. § 552(b)(6) and 7(C).  *See Vaughn* Index, Bates-numbered

pages 8, 54, 256, 249, 251, 278, 280-82, 284-85, 409, 411-13, 415-16, 500-01, 543-44, 633, 657-

60, 669, 678, 681; Second Hardy Decl. ¶ 14 ("Summary of Justification Categories").   In

addition, the FBI has invoked FOIA Exemption 5, in conjunction with FOIA exemptions 6 and

7(C), as the bases for withholding certain internal documents.  *See Vaughn* Index, Bates-

numbered pages 72-78, 168-174, 446-525, 679-680, and 681; Second Hardy Decl. ¶ 14.

### FOIA Exemption 5

Exemption 5 of the FOIA provides that "inter–agency or intra–agency memorand[a] or

letters which would not be available by law to a party other than an agency in litigation with the

agency" are not subject to disclosure.  5 U.S.C. § 552(b)(5).  "To qualify [for non-disclosure

under Exemption 5], a document must thus satisfy two conditions: its source must be a

Government agency, and it must fall within the ambit of a privilege against discovery under

judicial standards that would govern litigation against the agency that holds it."  *Dep't of Interior

v. Klamath Water Users Protective Ass'n*, 532 U.S. 1, 8 (2001).

The threshold issue that must be addressed when Exemption 5 is asserted is whether the

records in question qualify as "inter-agency or intra-agency memorand[a]."  *Judicial Watch, Inc.

v. U.S. Dep't of Commerce*, 90 F. Supp. 2d 9, 13 (D.D.C. 2000).  "With respect to the secondary

consideration under Exemption 5—whether such materials would not be 'available by law in

litigation with the agency,'" *id.*, "the parameters of Exemption 5 are determined by reference to

the protections available to litigants in civil discovery," *Burka v. U.S. Dep't of Health & Human

Servs.*, 87 F.3d 508, 516 (D.C. Cir. 1996).  Thus, if a document requested pursuant to the FOIA

would normally be subject to disclosure in the civil discovery context, "it must also be disclosed

under [the] FOIA."  *Id.*  Conversely, information that is routinely not subject to disclosure in the

civil discovery process is exempt from disclosure under Exemption 5. *Id.* Moreover, "to justify nondisclosure under Exemption 5, an agency must show that the type of material it seeks to withhold is generally protected in civil discovery for reasons similar to those asserted by the agency in the FOIA context." *Id.* at 517. Thus, courts have incorporated three traditional civil discovery privileges into Exemption 5: (1) the deliberative process privilege; (2) the attorney-client privilege; and (3) the attorney work-product privilege. *N.L.R.B. v. Sears, Roebuck, & Co.*, 421 U.S. 132, 148-49, 154-55 (1975); *Coastal States Gas Corp. v. Dep't of Energy*, 617 F.2d 854, 862, 866 (D.C. Cir. 1980). Here, the FBI cites the deliberative process privilege and the attorney work-product privilege as grounds for withholding certain documents.

## 1. Deliberative Process Material

The deliberative process privilege protects from disclosure "'documents reflecting advisory opinions, recommendations and deliberations comprising part of a process by which governmental decisions and policies are formulated.'" *Cleveland v. United States Dep't of State*, ___ F. Supp. 3d ___, ___, 2015 WL 5313411, at *9 (D.D.C. Sept. 11, 2015) (quoting *Klamath*, 532 U.S. at 8). The purpose of the deliberative process privilege is "(1) to encourage open, frank discussions on matters of policy between subordinates and superiors; (2) to protect against premature disclosure of proposed policies before they are finally adopted; and (3) to protect against public confusion that might result from disclosure of reasons and rationale that were not in fact ultimately the grounds for an agency's action." *Defenders of Wildlife v. U.S. Dep't of Agric.*, 311 F. Supp. 2d 44, 57 (D.D.C. 2004) (citing *Russell v. Dep't of Air Force*, 682 F.2d 1045, 1048 (D.C. Cir. 1982)); *Coastal States*, 617 F.2d at 866; *Jordan v. U.S. Dep't of Justice*, 591 F.2d 753, 772-73 (D.C. Cir. 1978) (en banc)). Thus, when a court reviews whether an agency properly withheld documents under the deliberative process privilege, the critical

question to ask is whether "disclosure of [the] materials would expose an agency's decisionmaking process in such a way as to discourage candid discussion within the agency and thereby undermine the agency's ability to perform its functions." *Formaldehyde Inst. v. Dep't of Health & Human Servs.*, 889 F.2d 1118, 1122 (D.C. Cir. 1989) (quoting *Dudman Commc'ns Corp. v. Dep't of the Air Force*, 815 F.2d 1565, 1568 (D.C. Cir. 1987) (alteration in original)); *see also Sears*, 421 U.S. at 151 (noting that "the ultimate purpose of [the deliberative process] privilege is to prevent injury to the quality of agency decisions").

To be exempt from disclosure under the deliberative process privilege, the agency must show that the information is both (1) "predecisional" and (2) "deliberative." *Nat'l Ass'n of Home Builders v. Norton*, 309 F.3d 26, 39 (D.C. Cir. 2002). "A document is predecisional if it was 'prepared in order to assist an agency decision-maker in arriving at his decision,' rather than to support a decision already made." *Petroleum Info. Corp. v. Dep't of Interior*, 976 F.2d 1429, 1434 (D.C. Cir. 1992) (quoting *Renegotiation Bd. v. Grumman Aircraft Eng'g Corp.*, 421 U.S. 168, 184 (1975)). The preparation of the document, therefore, must be "[a]ntecedent to the adoption of an agency policy." *Jordan*, 591 F.2d at 774. However, a document cannot be characterized as predecisional "if it is adopted, formally or informally, as the agency position on an issue or is used by the agency in its dealings with the public." *Coastal States*, 617 F.2d at 866. Examples of predecisional documents include "recommendations, draft documents, proposals, suggestions, and other subjective documents which reflect the personal opinions of the writer rather than the policy of the agency." *Id.*

The FBI withheld as deliberative process material "drafts of documents prepared in the prosecution of plaintiff and others." Second Hardy Decl. ¶ 24. Hardy represents that the documents reflect "deliberations that formed an integral part of the process by which decisions

about the final content of the documents were made, in addition to the overall decision-making process regarding the litigation strategy of the FBI and other defendants during plaintiff's criminal lawsuit." *Id*. ¶ 24 n.6. According to Hardy, "[t]hese materials were also predecisional; the drafts were preliminary versions of documents ultimately filed with the court in plaintiff's and others' criminal cases and thus, pre-dated decisions about the final content of the documents that were filed." *Id*. and n.6 (referencing Bates-numbered pages 72-78, 168-174, 177-195, and 447-452).

The plaintiff counters correctly that it "makes no sense" that a "document reflecting the internal deliberations of a court," as stated in the *Vaughn* Index describing pages 72-78 and 169-174, could be withheld under Exemption 5. Pl.'s Opp'n Mem. at 11.[2] However, despite Hardy's carelessly worded description of these withheld documents in his *Vaughn* Index[3], it is clear that the documents contain information reflecting the internal deliberations of the agency in preparing "documents ultimately filed with the court." Second Hardy Decl. ¶ 24. This conclusion is evidenced by Hardy's indication that "[t]he FBI released copies of the versions that were filed with the court to [the] plaintiff, to the extent that such final versions were maintained in the FBI's files." *Id*. ¶ 24 n.5.

## 2. Attorney Work Product

The FBI withheld as attorney work product "materials created by attorneys involved in the criminal case of one of plaintiff's co-conspirators." Second Hardy Decl. ¶ 26. The "records were exchanged within the Department of Justice (*i.e.*, between the FBI and U.S. Attorney's Office)[,] . . . [and] they were created by attorneys during civil litigation as part of the attorneys'

---

[2]   The page citations to the plaintiff's opposition are those assigned by the Court's electronic case filing system.

[3]   This error should have been detected by the defendants' counsel. Such oversights do not reflect well on the quality of counsel's advocacy.

representation of the government in response to plaintiff's lawsuit." *Id*.  The plaintiff does not

dispute the FBI's justification for withholding the foregoing records under the attorney work-

product privilege, which "does not distinguish between factual and deliberative material."

*Martin v. Office of Special Counsel*, 819 F.2d 1181, 1187 (D.C. Cir. 1987).  Rather, he argues

that the defendants have not demonstrated "that the document[s] [were] properly withheld in

full."  Pl.'s Opp'n Mem. at 10.  But, where, as here, "'a document is fully protected as work

product, . . . segregability [of that document] is not required.'"  *Wright v. United States Dep't of

Justice*, 121 F. Supp. 3d 171, 187 (D.D.C. 2015) (quoting *Judicial Watch, Inc. v. United States

Dep't of Justice*, 432 F.3d 366, 371 (D.C. Cir. 2005)).

   For the foregoing reasons, the Court will grant summary judgment to the defendants on

their withholding of documents under Exemption 5 based on both the deliberate process

privilege and the attorney work-product privilege.

### FOIA Exemptions 6 and 7(C)

   FOIA Exemption 6 provides that "personnel and medical files and similar files the

disclosure of which would constitute a clearly unwarranted invasion of personal privacy" are not

subject to disclosure.  5 U.S.C. § 552(b)(6).  "To determine whether an agency has properly

invoked . . . [a] personal privacy exemption[ ], a court must balance the public interest in

disclosure against the privacy interest the exemption is intended to protect."  *Moore v. Bush*, 601

F. Supp. 2d 6, 13 (D.D.C. 2009) (citing *Dep't of State v. Ray*, 502 U.S. 164, 175 (1991)).

"Generally, government employees and officials . . . have a privacy interest in protecting their

identities because disclosure 'could subject them to embarrassment and harassment in the

conduct of their official duties and personal affairs.'"  *Moore*, 601 F. Supp. 2d at 14 (quoting

*Halpern v. FBI*, 181 F.3d 279, 296-97 (2d Cir. 1999)).

FOIA Exemption 7 protects from disclosure "records or information compiled for law enforcement purposes, but only to the extent that" disclosure would cause an enumerated harm. 5 U.S.C. § 552(b)(7).  "To show that . . . documents were compiled for law enforcement purposes, the [agency] need only establish a rational nexus between [an] investigation and one of the agency's law enforcement duties and a connection between an individual or incident and a possible security risk or violation of federal law."  *Blackwell v. FBI*, 646 F.3d 37, 40 (D.C. Cir. 2011) (citations omitted).  It is apparent from the plaintiff's FOIA request that the responsive records were compiled for law enforcement purposes, namely, his criminal prosecution. Accordingly, the Court will examine the defendants' asserted privacy interests under Exemption 7(C) only.  *See Am. Civil Liberties Union v. U.S. Dep't of Justice*, 655 F.3d 1, 6 (D.C. Cir. 2011) (explaining the "need only [to] consider whether [the Justice Department] properly invoked Exemption 7(C)," which "is more protective of privacy than Exemption 6 and thus establishes a lower bar for withholding material" (citations and internal quotation marks omitted)); *Larson v. Dep't of State*, 565 F.3d 857, 862-63 (D.C. Cir. 2009) ("[A]gencies may invoke the exemptions independently and courts may uphold agency action under one exemption without considering the applicability of the other.") (citation omitted)).

As just noted, FOIA Exemption 7(C) protects from disclosure information in law enforcement records that "could reasonably be expected to constitute an unwarranted invasion of personal privacy." 5 U.S.C. § 552(b)(7)(C).  And in determining whether this exemption applies to particular information, the Court must balance the interest in privacy of individuals mentioned in the records against the public interest in disclosure.  *See Am. Civil Liberties Union*, 655 F.3d at 6.  The privacy interest at stake belongs to the individual, not the government agency, *see United States Dep't of Justice v. Reporters Comm. for Freedom of the Press*, 489 U.S. 749, 763-

65 (1989), and "individuals have a strong interest in not being associated unwarrantedly with alleged criminal activity," *Stern v. FBI*, 737 F.2d 84, 91-92 (D.C. Cir. 1984).  When balancing an individual's privacy interest against the public interest in disclosure, "the only public interest relevant for purposes of Exemption 7(C) is one that focuses on 'the citizens' right to be informed about what their government is up to.'"  *Davis v. United States Dep't of Justice*, 968 F.2d 1276, 1282 (D.C. Cir. 1992) (quoting *Reporters Comm.*, 489 U.S. at 773).  It is a FOIA requester's obligation to articulate a public interest sufficient to outweigh an individual's privacy interest, and the public interest must be significant.  *Nat'l Archives and Records Admin. v. Favish*, 541 U.S. 157, 172 (2004).  In addition, the requester must "produce[ ] evidence sufficient to warrant a belief by a reasonable person that the alleged Government impropriety might have occurred." *Id.* at 159.  Otherwise, the balancing requirement does not come "into play."  *Id*.

It is well established that law enforcement personnel, witnesses, informants, and "third parties who may be mentioned in investigatory files" have "an obvious privacy interest cognizable under Exemption 7(C) in keeping secret the fact that they were subjects of a law enforcement investigation."  *Nation Magazine, Wash. Bureau v U.S. Customs Serv*., 71 F.3d 885, 894 (D.C. Cir. 1995) (citations omitted).  Consequently, "[a]s a general rule, third-party identifying information contained in [law enforcement] records is 'categorically exempt' from disclosure." *Lazaridis v. U.S. Dep't of State*, 934 F. Supp. 2d 21, 38 (D.D.C. 2013) (quoting *Nation Magazine*, 71 F.3d at 896).  Thus, the Court of Appeals has noted that "[a]s a result of Exemption 7(C), FOIA ordinarily does not require disclosure of law enforcement documents (or portions thereof) that contain private information."  *Blackwell*, 646 F.3d at 41 (citing cases).

The defendants have shown that most of the records were withheld properly under Exemption 7(C) because they pertain to third-party individuals.  The FBI's declarant has

categorized the individuals into the following groups—FBI special agents and support personnel, individuals of investigative interest, individuals who provided information to the FBI, individuals merely mentioned, non-FBI federal government personnel, local law enforcement officers, and a victim—and has adequately explained the harms associated with releasing their information.  *See* Second Hardy Decl. ¶¶ 30-40.  The plaintiff disputes the withholding of FD-515 Accomplishment Reports and "electronic printouts of accomplishment reports," Pl.'s Opp'n Mem. at 12-13, but those documents are described in the *Vaughn* Index not only as "pertaining solely to a third party individual" but also as containing no mention of the plaintiff.  *See* Bates-numbered pages 246-285, 409-416, 500-501, 543-544, 657-660.  Thus, not only are the documents exempt, but they appear to be non-responsive to the plaintiff's request for "all records/documents, information and rough notes/logs[s] you have in your files pertaining to me and mentioning my name" arising out of *United States v. John C. Giovanetti*, No. 8:07-CR-295-127-MAP.  Mar. 26, 2015 Opinion at 2.  Moreover, the plaintiff has proffered no evidence to warrant an inquiry as to whether an overriding public interest compels the disclosure of the otherwise exempt third-party information.  Accordingly, the Court will grant summary judgment to the defendants on their withholding of information under Exemption 7(C).

**3.  Record Segregability**

Under the FOIA, "even if [the] agency establishes an exemption, it must nonetheless disclose all reasonably segregable, nonexempt portions of the requested record(s)."  *Roth v. U.S. Dep't of Justice*, 642 F.3d 1161, 1167 (D.C. Cir. 2011) (citation omitted) (alterations in original).  Therefore, "[i]t has long been the rule in this Circuit that non-exempt portions of a document must be disclosed unless they are inextricably intertwined with exempt portions."  *Wilderness Soc'y v. U.S. Dep't of Interior*, 344 F. Supp. 2d 1, 18 (D.D.C. 2004) (quoting *Mead Data Cent.,*

*Inc. v. U.S. Dep't of Air Force*, 566 F.2d 242, 260 (D.C. Cir. 1977)).  An agency must provide "a detailed justification and not just conclusory statements to demonstrate that all reasonably segregable information has been released." *Valfells v. CIA*, 717 F. Supp. 2d 110, 120 (D.D.C. 2010) (citation omitted).  "Agencies are entitled to a presumption that they complied with the obligation to disclose reasonably segregable material." *Sussman v. U.S. Marshals Serv*., 494 F.3d 1106, 1117 (D.C. Cir. 2007) (citation omitted).  Although the "quantum of evidence required to overcome that presumption is not clear," *id*., the plaintiff must produce some evidence to do so.  *See id*. (comparing "clear evidence" standard with the less demanding reasonableness standard) (citations omitted)).

Hardy represents that the FBI "processed and released all reasonably segregable information from the [responsive] records," that the processing was conducted "to achieve maximum disclosure," and that following a "careful[ ]" examination, it was "determined that the information withheld from plaintiff, if disclosed," could result in the harms described in the *Vaughn* index and the declarations.  Second Hardy Decl. ¶ 53.  According to Hardy, "each responsive page was individually examined to identify non-exempt information that could be reasonably segregated from exempt information for release."  *Id*. ¶ 51.  The FBI determined that the documents withheld in part "comprise a mixture of material that could be segregated for release," whereas the documents withheld in full contain "all information . . . either fully covered by one or more of the cited FOIA exemptions" or "non-exempt information" that "was so intertwined with exempt material, that no information could be reasonably segregated for release."  *Id*. ¶ 52(b)-(c).  In response to the Court's March 26, 2015 Order, the FBI again examined "[e]ach document . . . individually . . . to identify non-exempt information that could be reasonably segregated from exempt information for release, determined that some documents

"warranted further segregability," and released an additional 79 pages to the plaintiff.  Third

Hardy Decl. ¶¶ 9, 11.

      The plaintiff has not produced any evidence that calls into question "the good-faith

presumption afforded" Hardy's representations.  *Wright*, 121 F. Supp. 3d at 188.  Therefore, the

Court concludes that the FBI has satisfied its segregability obligation under the FOIA.  *See id.* at

187 (noting that "[a]n affidavit attesting to the performance of a review of the documents and a

*Vaughn* index describing each document satisfies the FOIA's segregability requirement") (citing

cases)).

### CONCLUSION

      For all of the reasons set forth above, the Court finds that the defendants have now fully

complied with their disclosure obligations under the FOIA and are therefore entitled to judgment

as a matter of law.[4]


                          _____s/_____

                          Reggie B. Walton

DATE:   March 31, 2016          United States District Judge

---

[4]   A separate Order accompanies this Memorandum Opinion.